IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| REESE L. SMITH, JR., | ) |
| Petitioner, | ) |
| v. | ) Case No. 3:12-cv-1022 |
| DARON HALL, | ) Judge Sharp |
| Respondent. | ) |

## MEMORANDUM OPINION

Before the Court is petitioner Reese L. Smith, Jr.'s Petition for Writ of Habeas Corpus (ECF No. 1) under 28 U.S.C. § 2241, in which the petitioner alleges that he is confined in the Davidson County Jail at 5113 Harding Place in Nashville, Tennessee in the absence of due process and in violation of his constitutional rights. The petitioner seeks immediate release from detention, among other relief. The Court previously dismissed respondents District Attorney General Victor S. Johnson, III, and Judges Blackburn and Dozier of the Davidson County Criminal Court, and directed Sheriff Daron Hall, as the officer having custody of the petitioner and therefore the appropriately named respondent, to file an answer, motion or other response to the petition. The respondent has now filed his answer (ECF No. 13) and the petition is ripe for review.

I.  THE HABEAS PETITION

In his petition, Smith alleges that he is being held in the custody of the Davidson County Sheriff's Office, and that there are no lawful grounds for his detention. More specifically, he alleges that he has not seen evidence of a warrant, and that the indictment presented to him was signed only by District Attorney Victor S. Johnson, but was not signed by the foreperson of the grand jury. Smith asserts that "[a]ny statutory charges unsubstantiated by a true bill or real party on interest [sic] alleging under oath harm, damage, or injury to their person or property, or violation of their lawful rights; are VOID and INVALID and do not impact cause to detain and hold Reese L. Smith, Jr." (ECF No. 1, at 3.) Smith seeks immediate release from custody on this basis, and the right to bring criminal charges against those who unlawfully kidnapped him. Smith alleges that the District Attorney committed fraud by signing his initials

in the space reserved for the grand jury foreperson's signature and that the petitioner's unlawful detention constitutes kidnapping.

The petition includes a number of other very vague charges that are unsupported by any factual allegations, including: "Violation of Rights under Color of Law 18 USC 242," "Conspiracy against rights 18 USC 241," "Violation of oath of office," "Dereliction of duty," violation of the petitioner's Fourteenth Amendment right to due process, gross negligence, "malfeasance," unlawful imprisonment and lack of evidence. (ECF No. 1, at 2–3.)

## II. SHERIFF HALL'S RESPONSE

Sheriff Hall, along with his answer, submitted a copy of the state-court record in Smith's case. These documents include a copy of a True Bill signed by the foreperson of a Davidson County grand jury (ECF No. 14-1, at 3), dated August 3, 2012, which is attached to the indictment, signed by Victory S. Johnson, III, District Attorney General, charging Smith with aggravated perjury (ECF No. 14-1, at 4). Also included in the record are documents showing that Smith was arraigned on the charge of aggravated perjury on August 22, 2012, at which time he was represented by counsel. His motion to reduce bond was denied on August 30, 2012; and a trial date of January 7, 2013 was set. (ECF No. 14-1, at 2.)[1]

By way of argument, the respondent asserts that relief is not warranted both because the petitioner failed to exhaust his state court remedies and because *Younger* abstention is warranted. The respondent also points out that "[t]he record disproves the Petitioner's only concrete factual claim, that his indictment was not signed by a grand jury foreperson, but instead by District Attorney Victor S. Johnson, III." (ECF No. 13, at 4–5.)

As set forth below, the Court finds the respondent's arguments to be meritorious.

## III. DISCUSSION

### A. Exhaustion

Under 28 U.S.C. § 2241(c)(3), federal courts may grant habeas relief on claims by a state pre-trial detainee if he is in custody in violation of the Constitution or laws or treaties of the United States. *Phillips v. Hamilton Cnty. Ct. of Common Pleas*, 668 F.3d 804, 809 (6th Cir. 2012). Unlike exhaustion under 28

---

[1] The respondent's answer was filed December 19, 2012, and this Court has no knowledge of whether Smith's case actually went to trial on January 7, 2013.

U.S.C. § 2254, exhaustion under § 2241 is not a statutory requirement. *Compare* 28 U.S.C. § 2254(b)(1)(A), with *id.* § 2241. Notwithstanding, the Sixth Circuit has recognized that, "in the § 2241 context, 'decisional law has superimposed such a requirement in order to accommodate principles of federalism.'" *Phillips*, 668 F.3d at 810 n.4 (quoting *United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976)). Thus, even those habeas petitioners proceeding under § 2241 "must exhaust all available state court remedies before proceeding in federal court, and this usually requires that they appeal an adverse decision all the way to the state's court of last resort." *Phillips*, 668 F.3d at 810 (citing *Klein v. Leis*, 548 F.3d 425, 429 n.2 (6th Cir. 2008)).[2] The requirement of exhaustion "has developed to protect the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes." *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981) (citations omitted).

The petitioner here does not allege that he exhausted his state-court remedies. In fact, it does not appear that he has even gone so far as to move to quash or dismiss the indictment as an invalid charging instrument. In virtually identical circumstances, other courts have dismissed § 2241 petitions for failure to exhaust. For instance, in *Alden v. Kellerman*, 224 F. App'x 545 (7th Cir. 2007), the petitioner filed a habeas petition in district court two days before his federal jury trial was to begin, alleging that he was being held on an invalid indictment in violation of his constitutional rights. Four days after he had been convicted by a jury, the district court dismissed the petition on the grounds that the petitioner had failed to exhaust his other remedies, and at that point, his "only avenue[] for relief for any potential insufficiency in the indictment . . . [was] to await sentencing so he might raise the issue in a direct appeal." *Id.* at 546. The petitioner appealed the dismissal of his petition; the Seventh Circuit affirmed on the basis that the petitioner had failed to exhaust his "other available remedies," specifically by appealing his conviction. *Id.* at 547. *See also Riggins v. United States*, 199 U.S. 547, 550–51 (1905) (vacating order granting habeas relief when pretrial detainees filed habeas petitions before "invok[ing] the action of

---

[2] The only regularly recognized exceptions to the complete-exhaustion rule for § 2241 petitions brought by pretrial detainees are for claims that a prosecution violates the Double Jeopardy Clause, *see, e.g., Phillips*, 668 F.3d at 810–11, or where a petitioner claims that his right to a speedy trial has been violated, and the requested relief is an immediate trial. *See Braden v. 30th Judicial Circ.t Ct. of Ky.*, 410 U.S. 484 (1973); *Atkins*, 644 F.2d at 546–47. Neither circumstance applies here.

the circuit court upon the sufficiency of the indictment by a motion to quash or otherwise"). *Cf. Brown v. Lieber*, No. 1:08-CV-630, 2008 WL 3990973, at *2 (W.D. Mich. Aug. 26, 2008) (dismissing a § 2241 petition for failure to exhaust, where the petitioner complained that he had never been arraigned on one of the two charges on which he was being held).

Smith has or had the ability to exhaust his state-court remedies prior to trial, for instance by filing appropriate pretrial motions, and by appealing the issue if his motions are rejected and he is convicted.[3] In any event, because he does not allege that he has exhausted his state-court remedies, Smith's petition is subject to dismissal for failure to exhaust.

**B.     Abstention**

Moreover, it also is apparent that abstention under *Younger v. Harris*, 401 U.S. 37 (1971), is appropriate. Courts have generally recognized that *Younger* applies to applications for the writ of habeas corpus. *See, e.g.*, *In re Justices of Superior Ct. Dep't of Mass. Tr. Ct.*, 218 F.3d 11, 17–18 (1st Cir. 2000) (applying abstention principles to pretrial habeas petition); *Davis v. Lansing*, 851 F.2d 72, 76 (2d Cir. 1988) (affirming dismissal of pretrial habeas petition on abstention grounds).

The *Younger* abstention doctrine requires a federal court to abstain from interfering with pending state civil or criminal proceedings involving important state interests, absent extraordinary circumstances. *Younger*, 401 U.S. at 44; *see Jones v. Perkins*, 245 U.S. 390, 391–92 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."). *Younger* abstention is generally appropriate when three requirements are met:  (1) there is an on-going state judicial proceeding; (2) the proceeding implicates important state interests; and (3) there is an adequate opportunity in the state proceeding to raise constitutional challenges. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). When these factors are present, abstention is appropriate unless intervention

---

[3] If Smith went to trial on January 7 and was acquitted, his habeas petition has been rendered moot. Ordinarily, a petition for the writ of habeas corpus is not rendered moot even if the prisoner completes his sentence before final adjudication, because conviction typically results in collateral consequences to the individual. *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). However, the same considerations do not apply to a pretrial detainee who is acquitted of all charges. For instance, he would not, on the basis of pretrial detention, be barred from future occupations, voting, or serving on a jury. *Fassler v. United States*, 858 F.2d 1016, 1018 n.3 (5th Cir. 1988).

is "absolutely necessary for protection of constitutional rights" and, without federal court intervention, "the danger of irreparable loss is both great and immediate." *Younger*, 401 U.S. at 45 (quoting *Fenner v. Boykin*, 271 U.S. 240, 242–43 (1926)).

In the present case, Smith is involved in an ongoing state proceeding that implicates Tennessee's important interest in adjudicating alleged criminal conduct. Further, Smith has (or had) an adequate opportunity to raise any constitutional challenge based on the invalidity of the indictment by filing an appropriate pretrial motion and by pursuing the issue in a direct appeal of his conviction. *Cf. Alden*, 224 F. App'x at 547. Moreover, Smith does not allege the existence of extraordinary circumstances. The record disproves Smith's only concrete factual claim, that his indictment was not signed by a grand jury foreperson, but instead by the District Attorney General. The standard indictment bearing the District Attorney's signature is preceded by a True Bill signed by a grand jury foreperson. The record is otherwise devoid of any evidence that any of the exceptions to the invocation of *Younger* abstention is applicable. There is no evidence of bad faith or harassment on the part of state officials handling the prosecution. There is no allegation that the state statutes under which Smith is being prosecuted are patently unconstitutional. Nor has Smith alleged or established that he will suffer irreparable injury in the absence of federal intervention in his ongoing state criminal proceedings. If there are any flaws in the state's case against Smith, he will (or did) have ample opportunity to address them in his state trial and, if necessary, in state appellate and post-conviction proceedings.

Thus, on the basis of the principles enunciated in *Younger*, abstention from the exercise of jurisdiction is warranted in this case.

## IV. CONCLUSION

The respondent's submission of the state-court record establishes that the indictment in the underlying state case was returned by the grand jury as a true bill and signed by the jury foreperson. Because the only concrete allegation in the petition regarding the alleged violation of Smith's constitutional rights is belied by the state-court record, it is apparent that Smith is not entitled to relief. Regardless, it is clear that dismissal of the petition is appropriate both on the grounds that the petitioner failed to exhaust his state-court remedies and that the petitioner has failed to show the existence of extraordinary circumstances to overcome the presumption that the federal court should not interfere with

pending state criminal proceedings involving important state interests. The petition will therefore be dismissed.

The Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a habeas petitioner, and the petitioner may not take an appeal unless a district or circuit judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citations omitted). "[A] COA does not require a showing that the appeal will succeed," but courts should not issue a COA as a matter of course. *Id.* at 337. In this case, the petitioner has not made a substantial showing of the denial of a constitutional right, and the Court will decline to issue a COA.

An appropriate order is filed herewith.

_____
Kevin H. Sharp
United States District Judge